UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONTEZ MAXWELL, #355437,

       Petitioner,

                                         CASE NO. 2:20-CV-11141
v.                                       HONORABLE NANCY G. EDMUNDS

O'BELL T. WINN,

       Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR A STAY

      This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Montez Maxwell ("Petitioner") was convicted of first-degree murder and possession of a firearm during the commission of a felony following a jury trial in the Wayne County Circuit Court and was sentenced to life imprisonment without parole and a consecutive term of two years imprisonment in 2017. In his pro se habeas petition, he raises claims concerning the sufficiency of the evidence and the trial court's limitation on cross-examination. Respondent has not yet filed an answer to the habeas petition or the state court record. Those materials are due on December 15, 2020. This matter is currently before the Court on Petitioner's motion to stay this case so that he can return to the state courts to exhaust new, unidentified claims.

      A federal district court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present the unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and

abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id.* at 277.  In *Rhines*, the Supreme Court adopted the stay and abeyance procedure to specifically address the situation when outright dismissal of a habeas petition could jeopardize the timeliness of a future petition following the exhaustion of state remedies. *Id.* at 275 (noting that if the court dismissed the habeas petition "close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling in federal court before the limitation period [expired would be] slim"). Stay and abeyance is thus generally reserved for cases where the AEDPA's one-year limitations period is likely to expire before a habeas petitioner can return to state court to exhaust additional claims and then return to federal court on an amended petition. *See, e.g., Moss v. Hofbauer*, No. 07-10687, 2007 WL 317968, *2-3 (E.D. Mich. Oct. 16, 2007).

In this case, Petitioner fails to show the need for a stay.  First, his current claims, as set forth in his habeas petition, are exhausted.  Second, the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), does not pose a problem for Petitioner with regard to those claims as long as he pursues his state court remedies in a prompt fashion.  The Michigan Supreme Court denied Petitioner leave to appeal on direct appeal on April 30, 2019.  *See People v. Maxwell*, 503 Mich. 1020, 925 N.W.2d 878 (2019).  His convictions became final 90 days later when the time for seeking a writ of certiorari with the United States Supreme Court expired, *see*

*Lawrence v. Florida*, 549 U.S. 327, 333 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000); S. Ct. R. 13, on or about July 29, 2019.[1]  The one-year period began running the next day, on July 30, 2019, and ran until April 2, 2020 when Petitioner dated his federal habeas petition for mailing by prison officials.  Accordingly, 248 days (just over eight months) of the one-year period had expired when he instituted this action.  While the time in which his habeas case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled by the Court.  *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004).  The one-year period will also be tolled while any properly filed state post-conviction or collateral actions are pending.  *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002).  Given that 117 days (nearly four months) the one-year period remains, Petitioner has ample time in which to fully exhaust his new claims in the state courts and then return to federal court should he wish to do so.  A stay is unnecessary.

Accordingly, the Court **DENIES** Petitioner's motion for a stay.  Should Petitioner wish to have the Court dismiss his current habeas petition, which contains only exhausted claims, so that he may pursue additional, unexhausted claims in the state courts, he may move for a non-prejudicial dismissal of his habeas petition within **30**

---

[1] The 90th day fell on Sunday, July 28, 2019.  Consequently, the time is extended until the next day.  *See* Fed. R. Civ. P. 6(a)(1)(c).

**days** of the filing date of this order. If he does not do so, the Court shall proceed on the claims contained in the pending habeas petition.

    **IT IS SO ORDERED**.

                                          s/ Nancy G. Edmunds
                                          NANCY G. EDMUNDS
                                          UNITED STATES DISTRICT JUDGE

Dated: September 24, 2020


I hereby certify that a copy of the foregoing document was served upon counsel of record on September 24, 2020, by electronic and/or ordinary mail.

                        s/ Lisa Bartlett
                        Case Manager